**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-19-01124-001-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Isaac Garcia Cota, | |
| Defendant. | |

The Court has considered Defendant's Motion to Reopen Detention Hearing (Doc. 35) Supplement to Defendant's Motion to Reopen Detention (Doc. 39), the Government's Response (Doc. 40), and the case file.

Pursuant to 18 U.S.C. § 3142 (f), the Court may reopen a detention hearing at any time prior to trial only if:

> the judicial officer finds that information exists that was not known to the movant at the time of the hearing **and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.**

(emphasis added).  "Thus, a defendant must establish two essential elements before the issue of detention may be reopened: 1) that information now exists that was not known to a defendant at the time of the initial hearing, and 2) the new information is material to release conditions regarding flight or dangerousness."  *United States v. Bowens*, CR-07-

1    544-2-PHX-ROS, 2007 WL 2220501, at *1 (D. Ariz., July 31, 2007) (citing *United States*

2    *v. Hare*, 873 F.2d 796 (5th Cir. 1989)).

3         Defendant moves to reopen his detention hearing on the basis of the COVID-19

4    pandemic and his medical history of high blood pressure, coronary artery disease ("CAD"),

5    and coronary artery bypass graft ("CABG") (Doc. 35 at 1).   At the time Defendant

6    submitted the issue of detention to the Court on September 5, 2019, the COVID-19

7    pandemic was not present in the United States and had not reached its current level of wide-

8    spread community transmission.  To that extent, information now exists that was not known

9    to the Defendant at the time he submitted the issue of detention to the Court.  The Defendant

10   presumably knew of his own medical conditions involving high blood pressure and CAD,

11   and the Pretrial Services Report (Doc. 4 at 3) did reflect the underlying health issue of high

12   blood pressure for which the Defendant took no medication.  At the time of the Status

13   Hearing re: Detention and Preliminary Hearing, the Court considered the Defendant's

14   health as set forth in the Pretrial Services Report and incorporated by reference in its

15   detention Order the findings contained therein (Doc. 8 at 3).  As the Defendant did not

16   undergo the CABG until after being detained (Doc. 30 at 4), Defendant's CABG also is

17   information that was not known to the Defendant at the time he submitted the issue of

18   detention to the Court.

19        Though Defendant has established the first element essential to reopening his

20   detention hearing, the Court finds that he has failed to establish the second essential

21   element.  The Court finds that the current state of the COVID-19 pandemic does not have

22   a material bearing on the issue of whether there are conditions of release that will

23   reasonably assure the appearance of this Defendant.  Specifically, the Defendant is not

24   alleging that he is ill.  He is forty-eight years old.  He now takes medication to control his

25   conditions.  That reasonable steps have been taken within the facility in which he is housed

26   to care for inmates and limit risk of transmission of the virus is undisputed.  The multiple

27   serious reasons for which the Court found Defendant to be a flight risk and a danger

28   continue to exist (Doc. 8 at 1-3).  The Defendant has been indicted for offenses for which

1   a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § § 801

2   et seq and 951 et seq.  The Defendant failed to rebut the presumption that no condition or

3   combination of conditions will reasonably assure the appearance of the Defendant as

4   required and the safety of the community or any person.  Independent of the charges, the

5   Court alternatively found that the Defendant is a flight risk.  He currently has no significant

6   contacts in the District of Arizona, living in Mexico with his wife and daughter.  (Doc. 4

7   at 2).  He has no contact with his father or his siblings living in the United States.  (Id.).

8   Though a legal permanent resident, he is currently in removal proceedings and a detainer

9   has been lodged.  (Id.)  He is unemployed with no resources to make a bond reasonably

10  calculated to assure his appearance.  (Id. at 3).  He has serious mental health issues,

11  including schizophrenic-spectrum disorder for which he was found to be incompetent but

12  restorable (Docs. 30 at 7, 33).  On March 9, 2020, the Court committed the Defendant to

13  the custody of the Attorney General for hospitalization and restoration treatment.  (Doc. 34

14  at 1).  To the extent that the risk of a more severe outcome from exposure to the virus exists

15  for this Defendant based on his medically stable physical conditions, that risk also exists

16  outside in the community.

17          For the reasons set forth herein,

18          **IT IS ORDERED** denying Defendant's Motion to Reopen Detention Hearing (Doc.

19  39).

20          Dated this 4th day of June, 2020.

21

22

23                                                    _____

24                                                    Honorable Eileen S. Willett
                                                      United States Magistrate Judge
25

26

27

28

- 3 -